IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 3:96-cr-005** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **JULIO OTERO** | : | **Judge Sylvia H. Rambo** |

# M E M O R A N D U M

Before the court is Julio Otero's motion for relief from judgment filed pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. 665.) This is another attempt by Otero to challenge his sentence.

## I.    Background

On May 27, 1998, Julio Otero was sentenced to life imprisonment based on a guilty plea to charges of operating a continuing criminal enterprise in violation of 21 U.S.C. § 848(a). No direct appeal was filed; however, Otero filed a *pro se* motion under 28 U.S.C. § 2255. By order and memorandum of February 4, 2002, this court denied Otero's claim of ineffective assistance of counsel. (Doc. 520.) On appeal, the Third Circuit vacated the order and remanded for another evidentiary hearing. At that hearing, the issue was raised as to whether the § 2255 was timely filed, *i.e.*, the AEDPA one-year limitation period. As a result of that hearing, this court granted the government's motion to dismiss the § 2255 motion.

On appeal, the Third Circuit affirmed the judgment of the district court. (Doc. 581.)

On February 26, 2010, Otero filed a motion for a writ of a*udita querela*. (Doc. 628.) The motion was denied on March 11, 2010. (Doc. 630.) Otero filed a notice of appeal on March 22, 2010 (Doc. 631), and the appeal was dismissed on July 19, 2010 (Doc. 635).

On November 10, 2014, Otero filed a motion to reduce sentence pursuant to Amendment 782. (Doc. 643.) That motion was denied on December 4, 2015. (Doc. 651.)

On April 17, 2017, Otero filed a document titled, "Review of Sentence." (Doc. 663.) The document was deemed by this court to be a challenge to his sentence pursuant to 18 U.S.C. § 3742(a)(1) and (2). That motion was dismissed by order dated April 27, 2017. (Doc. 664.)

On May 8, 2017, Otero filed the instant motion for relief from judgment pursuant to 60(b)(6). (Doc. 665.) In this motion, he argues that his sentence was in violation of Amendment 591 of the United States Sentencing Guidelines. Pursuant to the amendment, Otero argues that his sentence should have been calculated on the basis of a criminal history of 6 and an offense level of 38 (U.S.S.G. 2D1.5) instead of a criminal history of 6 and an offense level of 43 (U.S.S.G. 2A1.1). The

difference in his sentence would have given him a range of 360 months to life, rather than straight life.

## II.  **Discussion**

A motion filed pursuant to Federal Rule of Civil Procedure 60(b)(6) is an improper method for seeking to attack a sentence. *Robinson v. Sniezek*, 401 F. App'x 645, 647 n.2 (3d Cir. 2010). Courts are to dispense their broad powers under 60(b)(6) only in "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Sawka v. Healtheast*, 989 F.2d 138, 140 (3d Cir. 1993). Otero claims his situation rises to this level and that the amendment is retroactive.

Assuming the amendment applies to Otero, Rule 60(c)(1) requires that a motion under this rule must be filed within a reasonable time. Amendment 591 became effective November 1, 2000. The instant motion was filed on May 8, 2017. A period of 16 ½ years that has expired since Amendment 591's enactment is not a reasonable time.

Furthermore, Otero's plea agreement contains the following clauses to which Otero agreed:

> 4.  The defendant understands and agrees that the court will impose a life sentence pursuant to U.S.S.G. § 2A1.1, and that life imprisonment is the appropriate sentence.

* * *

3

10.  Both the defendant and the United States understand and agree that a life sentence shall be imposed on Count XIV pursuant to U.S.S.G. § 2A1.1.

(Doc. 389.) Otero also agreed to waive his right to appeal his sentence.

## III.  **Conclusion**

For the foregoing reasons, the motion will be denied. An appropriate order will issue.

           s/Sylvia H. Rambo
           SYLVIA H. RAMBO
           United States District Judge

Dated: May 16, 2017